## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRICE D. CHAPMAN, SR.,**

**Plaintiff,**

v.                                          **CASE NO. 18-3069-SAC**

**MONTGOMERY COUNTY SHERIFF'S OFFICE, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Brice D. Chapman, Sr., an inmate at the Montgomery County Jail in Independence, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

### I.  Nature of the Matter before the Court

Mr. Chapman's complaint (Doc. 1) alleges his constitutional rights were violated when he was strapped into a restraint chair for hours for no reason upon being booked into the jail. The complaint further alleges he is being held without indictment and without evidence being sent to be tested at the Kansas Bureau of Investigation's (KBI) crime lab on an excessive and unreasonable bond. Plaintiff names as defendants the Montgomery County Sheriff's Office; the Montgomery County District Attorney's Office; Larry Markle, Montgomery County District of Attorney; the Montgomery County Jail; the officers who arrested him; Officer Hankins; and Officer Louis.

In Count I of his complaint, Plaintiff alleges that upon being booked into the Montgomery County Jail, Officers Hankins and Louis strapped him into a restraint chair and left him there for hours.  He claims he did nothing to warrant being restrained, and the officers failed to follow protocol.

In Count II, Plaintiff claims he was held on a felony charge without an indictment or just cause.  He complains that certain evidence has not been sent to the KBI crime lab for testing.  He also complains that his bond is excessive due to his prior criminal history of which the judge has personal knowledge because he was formerly the district attorney who prosecuted Plaintiff on the prior charges.

Plaintiff alleges Defendants have violated his rights under the Eighth, First, Fifth, and Sixth Amendments.  He seeks to have the criminal charges against him dismissed and to receive financial compensation for his mental anguish.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  Discussion

Plaintiff's complaint is subject to dismissal for a number of reasons.

### A.   Habeas Nature of Count II

Plaintiff seeks to have the criminal charges against him dismissed, which would obviously result in his release from custody.  A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release.  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release.").  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.  *Heck v. Humphrey,* 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000)

(exhaustion of state court remedies is required by prisoner seeking habeas corpus relief).  Because Plaintiff is challenging the legality of the charges against him and his current confinement, his claims are not cognizable in a § 1983 action.

Liberally construing Plaintiff's complaint as a habeas corpus action would not save it because there is no indication that Plaintiff has exhausted his state court remedies.  Mr. Chapman must give the state courts an opportunity to act on his claims by properly presenting them to the highest state court, either by direct appeal or through a state habeas action, before he presents those claims to a federal court in a habeas petition.  *See Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999).  Plaintiff has not exhausted his claims in the Kansas courts.

Count II of Plaintiff's complaint must be dismissed from this action without prejudice to his raising it in a habeas corpus petition after he has exhausted all available state remedies.

### B.  No Physical Injury

Plaintiff's first count relates to an incident where he was strapped into a restraint chair and left for several hours.  Plaintiff alleges he suffered mental anguish as a result.  Plaintiff does not claim to have suffered any physical injury.

Section 1997e(e) provides in pertinent part:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).  Because Plaintiff did not suffer any physical injury, his claim in Count I must also be dismissed.

### C. Improper Defendants

A county and its agencies such as the Sheriff's Department and the county jail are not "persons" that Congress made amenable to suit for damages under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989)("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F .App'x 406, 408 (10th Cir. 2005).

To impose § 1983 liability on the county and its officials for acts taken by its employee, plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998)(citing *see Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff or Montgomery County and no causal link between any such inadequacy and the allegedly unconstitutional acts of Officers Hankins and Louis.

Defendants Montgomery County Sheriff's Office, Montgomery County District Attorney's Office, and Montgomery County Jail are subject to dismissal from this action.

### D. Immunity

Plaintiff names the prosecutor, Larry Markle, as a defendant. Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the

initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1193 (10th Cir. 2008) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 209 (1993)).   "Absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Id.* at 1189.  "One such protected act is the decision to prosecute." *Id.* (citing *see, e.g., Imbler v. Pachtman*, 424 U.S. 409, 431, (1976)).   The decision whether to bring charges, along with the review of evidence that such a decision requires, "is a quintessential prosecutorial function protected by absolute immunity." *Id.* at 1194.  Defendant Markle is subject to dismissal from this action.

### E.  Personal Participation

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo*, 465 F.3d at 1227; *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff appears to name as defendants the arresting officers and unknown members of the Montgomery County Jail staff.  Plaintiff has not identified particular acts or omissions by these defendants, or by Defendant Markle.    Plaintiff must explain what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158,

1163 (10th Cir. 2007). Since he has failed to do this, Plaintiff has not adequately pled a cause of action under § 1983 against any of these defendants.

## VI. Response and/or Amended Complaint Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. The failure to file a timely, specific response waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999). Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **June 25, 2018**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 25th day of May, 2018, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**