IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRICE D. CHAPMAN, SR.,

      Plaintiff,

  v.            CASE NO. 18-3069-SAC

MONTGOMERY COUNTY SHERIFF'S OFFICE, et al.,

      Defendants.

## MEMORANDUM AND ORDER

  Plaintiff Brice D. Chapman, Sr., an inmate at the Montgomery County Jail in Independence, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *in forma pauperis.* Mr. Chapman alleges his constitutional rights were violated when he was strapped into a restraint chair for hours for no reason upon being booked into the jail. He further alleges he is being held without indictment, and without evidence being sent to be tested at the Kansas Bureau of Investigation's (KBI) crime lab, on an excessive and unreasonable bond. Plaintiff names as defendants the Montgomery County Sheriff's Office; the Montgomery County District Attorney's Office; Larry Markle, Montgomery County District of Attorney; the Montgomery County Jail; the officers who arrested him; Officer Hankins; and Officer Louis.

  On May 25, 2018, the Court entered a Memorandum and Order to Show Cause (MOSC) (Doc. 7), ordering Plaintiff to show cause by June 25, 2018, why his complaint should not be dismissed due to the deficiencies set forth in the MOSC. The MOSC stated that if Plaintiff failed

within the time allotted to file a response, this action could be dismissed without further notice. Plaintiff has not responded to the MOSC.

As explained in the MOSC, Plaintiff's claim related to the restraint chair (Count I) is subject to dismissal under 42 U.S.C. § 1997e(e) because he seeks to recover for mental anguish but does not claim to have suffered any physical injury. Mr. Chapman's claims related to deficiencies in the procedures surrounding his detention (Count II) are subject to dismissal because they are habeas in nature and therefore not cognizable in a § 1983 action. *See Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973). While the Court could liberally construe Count II as a habeas action, the claims would still be subject to dismissal because Plaintiff has not shown that he exhausted his state court remedies as required to bring a federal habeas corpus action. *Heck v. Humphrey,* 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief). Also, several defendants named by Mr. Chapman are improper or entitled to immunity, and he has failed to describe of the acts taken by each defendant that violated his federal constitutional rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 3rd day of July, 2018, at Topeka, Kansas.

> **s/ Sam A. Crow**
> **SAM A. CROW**
> **U.S. Senior District Judge**